IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA, ATLANTA DIVISION

| | |
|---|---|
| JON FREY, ANDREW PERRONG, and STEWART ABRAMSON, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GREAT AMERICAN POWER, LLC, and NEW WAVER POWER, LLC,<br><br>Defendants. | No. 1:19-CV-02450-SDG |

**DEFENDANT GREAT AMERICAN POWER, LLC'S
<u>INITIAL DISCLOSURES</u>**

Defendant Great American Power, LLC ("Great American Power") provides the following Initial Disclosures under Local Rule 26.1 of the Northern District of Georgia and Rule 26(a)(1) of the Federal Rules of Civil Procedure. To the extent any information to be provided is confidential or proprietary in nature, Great American Power will provide such information upon entry by the Court of a stipulated confidentiality order.

These Initial Disclosures constitute the best information currently available to Great American Power. Great American Power has not yet completed its investigation of the facts underlying this lawsuit, and discovery in this action has not yet commenced. Accordingly, these disclosures are made without prejudice to Great

American Power's right to timely amend, supplement, or modify these Initial Disclosures if and when other information becomes available. Great American Power likewise reserves the right to amend these Initial Disclosures to the extent any inadvertent errors or omissions are later found to exist.

**1.     If the defendant is improperly identified, state defendant's correct identification and state whether defendant will accept service of an amended summons and complaint reflecting the information furnished in this disclosure response:**

Great American Power states that it is not liable to any Plaintiff for any purported violation of the TCPA, but Great American Power does not contend that it has been "improperly identified" for purposes of this response.

**2.     Provide the names of any parties whom defendant contends are necessary parties to this action, but who have not been named by plaintiff.  If defendant contends that there is a question of misjoinder of parties, provide the reasons for defendant's contention:**

Great American Power states that its vendor New Wave Power, LLC ("New Wave Power") has been misidentified in the Complaint as New Waver Power, LLC. Great American Power's factual investigation thus far indicates that one or more individuals worked in concert with one or more Plaintiffs for the purpose of manufacturing TCPA claims against Great American Power and other entities. These individuals may be necessary parties to this lawsuit.  Great American Power's investigation continues, and Great American Power reserves the right to amend this

response to the extent its own investigation or discovery indicates that an amended response is necessary or appropriate.

    **3.** **Provide a detailed factual basis for the defense or defenses and any counterclaims or crossclaims asserted by defendant in the responsive pleading:**

Great American Power's investigation into the facts, defenses, and claims in this matter is ongoing. Based on its investigation to date, Great American Power intends to file an early Motion for Summary Judgment ("Motion") based on some or all of the defenses set forth below. The Motion will set forth a detailed factual basis for the defense(s) asserted in the Motion. Great American Power will seasonably supplement its Initial Disclosures in accordance with any applicable rules to the extent Great American Power's ongoing investigation reveals additional responsive facts, defenses, and/or claims.

Based on its investigation to date, Great American Power denies any alleged violation of the TCPA and, thus, any liability to Plaintiffs or any proposed class, for the reasons set forth below. Moreover, both because Great American Power takes reasonable steps to comply with the TCPA and properly asserts affirmative defenses that are unique to each Plaintiff, Plaintiffs' claims are not now, and could never be, appropriate for class treatment.

*First*, one or more Plaintiffs' individual claims fail because they gave their prior express consent to the telephone calls about which they complain, and/or the

calls did not violate the TCPA. Great American Power did not affirmatively reach out to every one of these Plaintiffs; rather, at least one Plaintiff was speaking with a third party about other consumer services and then consented to be transferred to a Great American Power representative to learn more about and sign up for Great American Power services.  Moreover, one or more Plaintiff, individually and/or in concert with each other and third parties, engaged in conduct intended to create the false appearance of TCPA violations by Great American Power. On information and belief, based on the investigation to date, such conduct included affirmatively soliciting calls from an agent or employee of New Wave Power LLC (misidentified as "New Waver Power LLC" by Plaintiffs), a third party vendor, signing up for electrical service through Great American Power, canceling the service immediately after enrolling, and then complaining when Great American Power (or one of its vendors) initiated a "welcome" call triggered by the Plaintiffs' enrollment (not a sales call) to the phone number(s) that Plaintiffs provided when enrolling as a new customer for Great American Power's services.

*Second*, Plaintiffs' claims fail because Great American Power has policies, procedures, and practices designed to promote and reasonably ensure compliance with the TCPA, including, without limitation, by: (1) contractually obligating vendors to comply with federal and state laws, including those relating to

telemarketing; (2) using industry-standard, automated processes and databases to scrub at least the following from lead lists: phone numbers on federal, state, and/or Great American Power's internal Do Not Call ("DNC") lists, and mobile phone numbers; and (3) recording and auditing calls for compliance.

*Third*, Plaintiffs' claims fail because they lack standing under Article III of the U.S. Constitution.  Plaintiffs have not suffered any cognizable injury both because (1) they solicited the calls about which they complain and (2) the *de minimis* contacts about which they complain are insufficient to establish the injury-in-fact required for constitutional standing.

*Fourth*, Plaintiffs' claims fail because they are predicated on calls that were not made using an "automatic telephone dialing system" ("ATDS") or a pre-recorded voice message, as those terms are defined in the TCPA.

*Fifth*, Plaintiffs' claims fail because the TCPA is unconstitutional as applied to the facts of this case.  The TCPA is subject to, but does not withstand, strict scrutiny because it is not the least restrictive means by which the government could regulate commercial, transactional speech, including speech that has been expressly invited by the recipients, which this is.

*Sixth*, the facts underlying Great American Power's defenses stated above also support numerous other defenses, including the Affirmative Defenses already

asserted by Great American Power, each of which is incorporated herein by reference to the extent not expressly stated above. They may also support certain counterclaims, cross-claims and third-party claims, which Great American Power is continuing to investigate. Great American Power expects that additional facts in support of these and potentially other defenses will be developed in discovery if Great American Power's Motion is denied in whole or in part. Accordingly, Great American Power reserves its right to supplement this response.

*Finally*, Great American Power states that the facts identified above also demonstrate that this case is not, and could never be, appropriate for class certification, however defined.

**4. Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which defendant contends are applicable to this action:**

Illustrative statutes, codes, regulations, legal principles, standards, and customs or usages, and illustrative case law are provided below:

Statutes/codes/regulations:

- Fed. Rule of Civ. P. 56

- Fed. Rule of Civ. P. 23

- Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq*.

- 47 C.F.R. § 64.1200(b)(3)

- *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 27 FCC Rcd. 1830 (Feb. 15, 2012)

- *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 30 FCC Rcd. 7961 (July 10, 2015)

- *In re Advanced Methods to Target & Eliminate Unlawful Robocalls*, 33 F.C.C. Rcd. 12024 (Dec. 13, 2018)

Legal principles:

- Principle that summary judgment is appropriate where there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

- Principle that early motions for summary judgment are appropriate to avoid lengthy and burdensome discovery when non-moving party fails to establish why discovery would be necessary.

- Principle that to establish constitutional standing, a plaintiff must have suffered an injury that is fairly traceable to the challenged conduct of the defendant.

- Principle that the contacts alleged by Plaintiffs – because they are *de minimis* and because they were solicited by Plaintiffs – do not constitute a concrete injury and, thus, are insufficient to establish constitutional standing.

- Principle that an intervening and independent wrongful act by the plaintiff or a third person producing the injury, and without which it would not have occurred, should be treated as the proximate cause.

- Principle that a safe harbor insulates a caller from TCPA liability for at least the first autodialed or prerecorded call when the caller has a good faith belief that it has consent to call.

- Principle that a person who solicits or otherwise consents to the call about which he or she complains falls outside the zone of interest that the TCPA was enacted to protect.

- Principle that an administrative agency may not take action and enact rules beyond what Congress has authorized in the statute.

- Principle that content-based restrictions on speech are presumptively unconstitutional and subject to strict scrutiny.

- Principle that the class action vehicle is not appropriate unless the named plaintiff(s) can meet the requirements of Federal Rule of Civil Procedure 23, and that a court may address class allegations at an early practicable time to eliminate allegations about representation of absent persons.

Illustrative case law:

- *ACA Int'l v. Fed. Commc'ns Comm'n*, 885 F.3d 687 (D.C. Cir. 2018)

- *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986)

- *Ashcroft v. Am. Civil Liberties Union*, 542 U.S. 656 (2004)

- *Bais Yaakov of Spring Valley v. Fed. Commc'ns Comm'n*, 852 F.3d 1078 (D.C. Cir. 2017) (Kavanaugh, J.)

- *Boydston v. Asset Acceptance LLC*, 496 F. Supp. 2d 1101 (N.D. Cal. 2007)

- *Cahaly v. Larosa*, 796 F.3d 399 (4th Cir. 2015)

- *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)

- *Charvat v. NMP, LLC*, 656 F.3d 440 (6th Cir. 2011)

- *Chyba v. First Fin. Asset Mgmt., Inc.*, No. 12-CV-1721-BEN WVG, 2014 WL 1744136 (S.D. Cal. Apr. 30, 2014), *aff'd*, 671 F. App'x 989 (9th Cir. 2016)

- *Connor v. Honeywell Int'l Inc.*, No. CIV.A. 2:12-1421-CWH, 2012 WL 6135193 (D.S.C. Nov. 13, 2012)

- *Danehy v. Time Warner Cable Enterprises*, No. 5:14-CV-133-FL, 2015 WL 5534094 (E.D.N.C. Aug. 6, 2015)

- *Goldstein, Garber & Salama, LLC v. J.B.*, 797 S.E.2d 87 (Ga. 2017)

- *Gulden v. Consol. World Travel Inc.*, No. CV-16-01113-PHX-DJH, 2017 WL 3841491 (D. Ariz. Feb. 15, 2017)

- *Hurley v. Wayne Cty. Bd. of Educ.*, No. 3:16-9949, 2017 WL 2454325 (S.D. W. Va. June 6, 2017)

- *Kroma Makeup EU, LLC v. Boldface Licensing + Branding, Inc.*, 920 F.3d 704, 709 (11th Cir. 2019)

- *Love v. Delta Air Lines*, 310 F.3d 1347 (11th Cir. 2002)

- *Meyer v. Capital All. Grp.*, No. 15-CV-2405-WVG, 2017 WL 5138316 (S.D. Cal. Nov. 6, 2017)

- *MRI Assocs. of St. Pete, Inc. v. State Farm Mut. Auto. Ins. Co.*, 755 F. Supp. 2d 1205 (M.D. Fla. 2010)

- *Reed v. Town of Gilbert, Ariz.*, 135 S. Ct. 2218 (2015)

- *Reindel v. Mobile Content Network Co., LLC*, 652 F. Supp. 2d 1278 (N.D. Ga. 2009)

- *Republican Party of Minn. v. White*, 416 F.3d 738 (8th Cir. 2005) (en banc)

- *Roark v. Credit One Bank, N.A.*, No. CV 16-173, 2018 WL 5921652 (D. Minn. Nov. 13, 2018)

- *Salcedo v. Hanna*, App. No. 17-14077 (11th Cir. Aug. 28, 2019)

- *Smedley v. Deutsche Bank Tr. Co. Americas*, 676 F. App'x 860 (11th Cir. 2017)

- *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016)

- *St. Louis Heart Ctr., Inc. v. Nomax, Inc.*, 899 F.3d 500 (8th Cir. 2018)

- *Tel. Sci. Corp. v. Asset Recovery Sols., LLC*, No. 15-CV-5182, 2016 WL 4179150 (N.D. Ill. Aug. 8, 2016)

- *Warnick v. DISH Network LLC*, 304 F.R.D. 303 (D. Colo. 2014)

- *Wilson v. Badcock Home Furniture*, 329 F.R.D. 454 (M.D. Fla. 2018)

- *Worsham v. Travel Options, Inc.*, No. JKB-14-2749, 2016 WL 4592373 (D. Md. Sept. 2, 2016), *aff'd*, 678 F. App'x 165 (4th Cir. 2017)

Great American Power reserves the right to supplement this list of illustrative authorities as the case develops, including, without limitation, to the extent other relevant authorities are promulgated, issued, or otherwise come into existence after the date of this response.

**5.    Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the**

**subjects of the information. (Attach witness list to Initial Disclosures as Attachment A.)**

Attachment A identifies persons whom Great American Power believes have discoverable information that Great American Power may use to support its defenses, possible counterclaims, cross-claims and third-party claims in this case. Great American Power will timely supplement Attachment A if and when Great American Power identifies additional persons that it reasonably believes are likely to have discoverable information that Great American Power may rely upon to support its positions in this case.

By listing the individuals identified in Attachment A, Great American Power does not consent to Plaintiffs or Plaintiffs' representative(s) or attorney(s) contacting any current or former employees of Great American Power except, if at all, through Great American Power's attorneys.

**6.     Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed. R. Civ. P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule. (Attach expert witness list and written reports to Initial Disclosures as Attachment B.)**

Great American Power has not yet identified any experts who will be used at trial to present evidence under Federal Rules of Evidence 702, 703, or 705. Great American Power will supplement these Initial Disclosures as required by the

applicable rules if and when testifying experts are identified. No Attachment B is provided at this time.

**7. Provide a copy of, or description by category and location of, all documents, data compilations, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information. (Attach document list and descriptions to Initial Disclosures as Attachment C.)**

Great American Power has not completed its discovery and/or investigation of the facts underlying this lawsuit, nor has Great American Power completed its preparation of this case for trial. At this time, however, Great American Power believes that Attachment C describes by category all documents, data compilations, and tangible things in the possession, custody, or control of Great American Power that may be used to support its defenses to liability, certification of any proposed class and possibly cross-claims, third-party claims, and/or counterclaims.

Great American Power reserves the right to use any documents identified by Plaintiffs in their initial disclosures (and the initial disclosures of any other defendant or party that may be added to this lawsuit). Great American Power also reserves the right to supplement Attachment C in the event it identifies additional documents. Copies of all documents in Attachment C will be produced. Documents containing confidential information will be provided upon entry of a stipulated protective order governing confidential information.

**8.     In the space provided below, provide a computation of any category of damages claimed by you.  In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying under Fed. R. Civ. P. 34.  (Attach any copies and descriptions to Initial Disclosures as Attachment D.)**

Great American Power is not claiming any damages at this time, other than costs and attorneys' fees to the extent available under the law, incurred in defending this action or as may become available as a result of prosecuting any third-party, cross, or counterclaim.

**9.     If defendant contends that some other person or legal entity is, in whole or in part, liable to the plaintiff or defendant in this matter, state the full name, address, and telephone number of such person or entity and describe in detail the basis of such liability:**

Great American Power denies any liability whatsoever to Plaintiffs.  Great American Power states, however, that, if it is ultimately held liable for any purported violation of the TCPA asserted in the Complaint, any such liability would be the result of conduct by Plaintiffs and co-defendant New Wave Power, LLC (misnamed as New Waver Power, LLC) and/or New Wave Power's owners, managers, employees, and/or agents (and perhaps other as-yet unidentified persons or entities) and Great American Power reserves all rights with respect to the assertion of claims against such persons and entities.

**10.** **Attach for inspection and copying as under Fed. R. Civ. P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments to satisfy the judgment. (Attach copy of insurance agreement to Initial Disclosures as Attachment E.)**

Great American Power is investigating the extent of insurance coverage it has that may cover any potential judgment in this case. Great American Power will supplement this response, as appropriate, upon completion of its investigation.

Respectfully submitted this 30th day of September 2019.

>  */s/ Livia M. Kiser*
> Harold E. Franklin (Ga. Bar No. 273416)
> KING & SPALDING LLP
> 1180 Peachtree Street, N.E.
> Atlanta, GA 30309
> Phone: (404) 572-4600
> Fax: (404) 572-5100
> hfranklin@kslaw.com
>
> Livia M. Kiser (*pro hac vice*)
> Rachael M. Trummel (*pro hac vice*)
> KING & SPALDING LLP
> 444 West Lake Street, Suite 1650
> Chicago, IL 60606
> Ph: 312.995.6333
> Email: lkiser@kslaw.com
> Email: rtrummel@kslaw.com
>
> *Attorneys for Defendant*
> *Great American Power, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this date, September 30, 2019, I electronically filed the foregoing Initial Disclosures with the Clerk of the United States District Court for the Northern District of Georgia via the Court's CM/ECF system, thereby also automatically serving by email notification all attorneys of record.

*/s/  Livia M. Kiser*

# ATTACHMENT A

| NAME | ADDRESS & PHONE | SUBJECT MATTER |
|---|---|---|
| Jessica Evans, Director of Operations, Great American Power | May be contacted through Great American Power LLC's counsel: King & Spalding LLP 353 N. Clark St., Twelfth Floor Chicago, Illinois 60654 Ph: 312.955.6333 | Information regarding the operation of Great American Power LLC with respect to Plaintiffs' claims, including its TCPA compliance strategies and policies; information regarding the highly regulated environment in which Great American Power LLC operates; periods of time during which Great American Power LLC has done affirmative marketing and the states in which it operates. |
| Scott Cofran, President New Wave Power, LLC | Presumably may be contacted through New Wave Power's counsel | Information regarding the operation of New Wave Power LLC with respect to Plaintiffs' claims, including the identity and activity of the New Wave Power LLC agent(s) or employee(s) who, on information and belief, worked in concert with Plaintiffs to create the false appearance of TCPA violations. |

| NAME | ADDRESS & PHONE | SUBJECT MATTER |
|---|---|---|
| Jon Frey, Plaintiff | May be contacted through Plaintiffs' counsel of record | Information regarding Plaintiffs' claims, defenses to such claims, and evidence in support of potential counterclaims; information regarding Plaintiff's inability to satisfy the requirements of Fed. R. Civ. P. 23. |
| Andrew Perrong, Plaintiff | May be contacted through Plaintiffs' counsel of record | Information regarding Plaintiffs' claims, defenses to such claims, and evidence in support of potential counterclaims; information regarding Plaintiff's inability to satisfy the requirements of Fed. R. Civ. P. 23., *e.g.*: https://www.inquirer.com/philly/business/robocall-lawsuits-verizon-citibank-andrew-perrong-20181102.html |
| Stewart Abramson, Plaintiff | May be contacted through Plaintiffs' counsel of record | Information regarding Plaintiffs' claims, defenses to such claims, and evidence in support of potential counterclaims; information regarding Plaintiff's inability to satisfy the requirements of Fed. R. Civ. P. 23. |

## ATTACHMENT C

1. Recordings of sales calls between any Plaintiff and Great American Power LLC or New Wave Power LLC.

2. Written communications between any Plaintiff and Great American Power LLC, including emails and service agreements.

3. Relevant portions of telemarketing agreement between Great American Power LLC and New Wave Power LLC.

4. Great American Power LLC's policies relating to TCPA compliance, including its policy for compliance with Do Not Call rules.

5. Documents sufficient to show Great American Power LLC's standard practices and procedures relating to TCPA compliance.

6. Non-privileged communications between Great American Power LLC and New Wave Power LLC regarding the alleged unlawful contacts with Plaintiffs.

7. Documents sufficient to identify the highly regulated industry in which Great American Power LLC operates, which tends to further show that Great American Power LLC has every interest in complying with all applicable state and federal laws regulating telemarketing, including the TCPA.

8. Documents sufficient to identify the states in which Great American Power, LLC has ever operated and the varying time periods during which Great American Power LLC engaged in any affirmative consumer outreach and the manner in which such outreach was conducted.